HARRY ABBERBOCK and Others, Copartners Engaged in Business under the Firm Name and Style of ABBERBOCK, ROSENFELD & BLOOM, Respondents, *v.* JACOB LAMCHICK and Others, Appellants.

Supreme Court, Appellate Term, First Department, April 9, 1925.

**Landlord and tenant — lease — action for rent — reversible error to direct verdict for landlord where patent ambiguity exists as to identity of tenants.**

In an action for rent it is reversible error to direct a verdict in favor of the landlord, where both in the lease itself and the notice of the exercise of an option, a patent ambiguity exists as to the identity of the tenants, that is, whether the lease was executed by the defendants, individually, or on behalf of a corporation or copartnership.

APPEAL by two individual defendants from a judgment of the City Court of the City of New York in favor of plaintiffs, entered upon a directed verdict.

*Leonard Bronner* [*Samuel Sumner Goldberg* of counsel], for the appellants.

*Joseph & Demov* [*Jacob S. Demov* of counsel], for the respondents.

PER CURIAM:

This action was brought for rent under a lease. The original lease describes the parties as " Abberbock, Rosenfeld and Bloom, party of the first part " and " Jacob Lamchick * * * Louis Lamchick * * * doing business as Lamchick, Frank & Co., Inc., party of the second part." It is signed " Abberbock, Rosenfeld & Bloom, per Harry Abberbock, and Louis Lamchick, per Lamchick, Frank & Co." In the body of the lease occurs the clause: " The parties of the second part (Lamchick,— Frank Company) are here given an option of an additional two years' lease * * *." The option was exercised in a letter addressed to plaintiffs signed " Lamchick Frank Co., Inc."

It is not necessary to review the authorities which distinguish between the liability of an individual on a written instrument signed by him in his own name followed by words which are merely *descriptio personæ* and those which release him from individual liability under such and similar circumstances when it is plain from the body of the instrument that he was regarded as a mere agent for a known principal. In the instant case, both through the lease itself and the notice of the exercise of the option, there is a patent ambiguity which cannot be resolved except in the ordinary way upon a trial of the issues.

Respondents urge that although the individual defendants are

described in the lease as doing business as a corporation, they are, nevertheless, spoken of throughout the lease in the plural, as "parties of the second part." Against that, however, the plaintiffs, concededly copartners, are described as "party." The option of extension is awarded to "the parties of the second part (Lamchick Frank Company)," omitting, it will be observed, the word "Inc." Even if the signature "Louis Lamchick, per Lamchick Frank Company" be treated as the individual signature of the defendant Louis Lamchick, it is not easy to understand how the lease would bind Jacob Lamchick. And finally it is a question what intention of the parties may be indicated by the signing and acceptance of the notice of renewal signed by "Lamchick Frank Co., Inc."

Judgment reversed and new trial ordered, with costs to appellants to abide the event.

All concur; present, BIJUR, MITCHELL and PROSKAUER, JJ.